UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AN-HUNG YEH,<br><br>Plaintiff,<br><br>v.<br><br>REAXIS, INC.,<br><br>Defendants. | Case No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES, Plaintiff, An-Hung Yeh, by and through his attorney, Prabhu Narahari, of Kraemer, Manes & Associates LLC, and files this complaint alleging as follows:

### I. Nature of the Action

1.  Plaintiff brings this action under the Family and Medical Leave Act ("FMLA"), 29 § U.S.C. 2601 *et. seq.*, and 42 U.S.C. §§ 1983 and 1988.

### II. Jurisdiction and Venue

2.  This action arises under the statutes cited in the preceding paragraph. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1343.

3.  Plaintiff is a resident and citizen of Pennsylvania, a substantial part of the events or omissions giving rise to the claims occurred in Western Pennsylvania, and, therefore, this action is within the jurisdiction of the United States District Court for the Western District of Pennsylvania and the venue is proper pursuant to 28 U.S.C. § 1391(b).

### III. Parties

4.  Plaintiff, An-Hung Yeh, ("Plaintiff"), is an adult individual who currently resides at Suite 501, 1290 Sweet Home Road, Amherst, NY 14228.

5. Defendant, Reaxis, Inc. ("Defendant") is a corporation with a business address of 941 Robinson Highway, McDonald, PA 15057.

## IV. Facts

6. Plaintiff began working for Defendant in April 2017 as the Senior R & D Chemist.

7. Plaintiff was promoted to Technical Director in December 2017.

8. Plaintiff worked from April 2017 through February 2018 with no issues.

9. In early July 2018, Mr. Van der Poel, appointed Dr. Brett Allen to manage Plaintiff's department.

10. On August 15, 2018, Plaintiff's mother was diagnosed with stage 4 colon cancer. Plaintiff immediately informed Dr. Allen and Mr. Van der Poel that he intended to take FMLA-protected leave.

11. Later that night, Ryan Stayschich, informed Plaintiff of a rumor that Sydney Fisher, QC Manager, would take over the department after Plaintiff was fired.

12. Mr. Van der Poel terminated Plaintiff on August 27, 2018.

## V. Causes of Action

### COUNT I
### Retaliation in Violation of the FMLA

13. All other paragraphs of this pleading are incorporated herein as if set forth at length.

14. Defendant employs more than 50 people within a 75-mile radius of the worksite where Plaintiff worked.

15. Plaintiff worked more than 1,250 hours for Defendant in the previous year prior to Defendant unlawfully terminating Plaintiff.

16. Plaintiff believes, and therefor avers, Defendant unlawfully retaliated against Plaintiff, including but not limited to Defendant unlawfully terminating Plaintiff, in whole or in part, for announcing his intention to take FMLA-protected leave.

17. Defendants' acts and omissions constitute illegal retaliation under the FMLA.

18. As a direct result of Defendant's unlawful acts and omissions, Plaintiff suffered damages.

WHEREFORE, Plaintiff respectfully request that this Court enter judgment in his favor, and against the Defendant, and award all damages available at law and in equity, including: lost wages, front pay, compensatory damages, liquidated damages, court costs, attorney fees, pre-judgment and continuing interest, and any other relief that the Court deems necessary and proper.

## COUNT II
### Interference in Violation of the FMLA

19. All other paragraphs of this pleading are incorporated herein as if set forth at length.

20. Defendant employs more than 50 people within a 75-mile radius of the worksite where Plaintiff worked.

21. Plaintiff worked more than 1,250 hours for Defendant in the previous year prior to Defendant unlawfully terminating Plaintiff.

22. Plaintiff believes, and therefor avers, that Defendant unlawfully interfered with, restrained, and denied the exercise and attempted exercise of Plaintiff's lawful right to FMLA-

protected leave by terminating Plaintiff directly after informing Defendant of his need for FMLA leave.

23. Defendants' acts and omissions constitute illegal interference under the FMLA.

24. As a direct result of Defendant's unlawful acts and omissions, Plaintiff suffered damages.

WHEREFORE, Plaintiff respectfully request that this Court enter judgment in his favor, and against the Defendants, and award all damages available at law and in equity, including: lost wages, front pay, compensatory damages, punitive damages, court costs, attorney fees, pre-judgment and continuing interest, and any other relief that the Court deems necessary and proper.

Respectfully Submitted,

_____
PA ID: 323895

**KRAEMER, MANES
& ASSOCIATES LLC**
US Steel Tower, 48th Floor
600 Grant St, Suite 4875
Pittsburgh, PA 15219
(412) 626-5588 Direct
(412) 637-0237 Fax
pn@lawkm.com

## VERIFICATION

I An-Hung Yeh, hereby verify that the facts above set forth in the foregoing Complaint are true and correct or are true and correct to the best of my knowledge, information and belief. I understand that the statements herein are made subject to the penalties of 28 U.S.C. § 1746 relating to unsworn falsification to authorities.

Executed on: 2/12/2019

_____
An-Hung Yeh